**In re William David CASTLE, Debtor.**

**Bankruptcy No. 91–20819–C–11.**

United States Bankruptcy Court,
W.D. Missouri.

June 23, 1992.

Duane E. Schreimann, Jefferson City, Mo., for debtor.

Peter D. Kerth, St. Louis, Mo., for Kevin Hull.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

This case presents the novel question of whether, in the present case, the bankruptcy court is restrained, by the automatic stay in Claimant's case, from dismissing his out of time objections to orders disallowing his claims, where the disallowances were filed before Claimant petitioned for bankruptcy and the objections were filed afterward. The objections were concededly filed out of time by the claimant, but he contends that the automatic stay, which arose when his bankruptcy petition was filed, prevents the Court from dismissing his objections even though they would otherwise be time barred.

### FACTS

On January 8, 1992, the Court disallowed two claims by Kevin Hull (Claimant) against debtor's estate in the amounts of $13,388.86 and $58,500.00. On January 13, 1992, Claimant's third claim was disallowed in the amount of $67,200.00. The disallowance orders were subject to modification upon an objection being filed within 30 days of the disallowance. Experiencing financial difficulty himself, Claimant filed a bankruptcy petition on January 29, 1992. Claimant filed objections to all three disallowances on February 12, 1992.

### DISCUSSION

The objections to the January 13, 1992 order were filed on the 30th day following the order. As such, they were filed within the time allowed and the Court will hold a hearing on the merits of those objections.

There is no question that the objections to the January 8, 1992, orders filed on February 12, 1992, were filed out of time.

*See* Fed.R.Bankr.P. 9006. They were filed on the 35th day following the order. Nonetheless, Claimant asks the Court to hear his objections to the disallowance of those claims and reasons that the automatic stay that is in effect in his bankruptcy case prevents the Court from taking any action which would affect his bankruptcy estate.

Upon the filing of a bankruptcy petition, § 362(a) operates to stay, among other actions,

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; ....

11 U.S.C. § 362(a)(1) (1988). Claimant would have the Court stay its disallowance of his claims against Debtor under this subsection.

It is well recognized, however, in the 8th Circuit that the automatic stay does not stay actions based on the mere passage of time, but operates to stay affirmative actions against the debtor. *Johnson v. First National Bank,* 719 F.2d 270, 276 (8th Cir.1983). *Johnson* addressed the application of the automatic stay in the context of the redemption period during which the former owner of a property which has been sold at a mortgage foreclosure may redeem the property. At the end of the redemption period, the opportunity to redeem expires and the property automatically vests in the new owner. *Johnson* makes clear that the expiration of the redemption period is not the type of action which may be stayed by the automatic stay.

The expiration of the 30 day objection period in this case is much like the redemption period in *Johnson.* Prior to Claimant's filing of his own bankruptcy petition, the Court disallowed the claims which he filed in this case. Claimant was given 30 days to file objections to that disallowance and if he had filed such objections within that period, he would have had an opportunity to argue the merits of his claims. But, after the expiration of the 30 day period, the disallowance automatically becomes final. In both cases, action was taken before the bankruptcy filing which became final at a latter date following the passage of a specified time period. In neither case, upon the expiration of that time period, was any affirmative action necessary. Their rights simply extinguished upon the mere passage of time. The intervening bankruptcy filings make no difference in that result.

Since the redemption period in *Johnson* is closely analogous to the 30 day objection period in this case, *Johnson* controls the result with regard to Claimant's argument that the Court is stayed from disallowing his late filed objections. Section 362(a) does not stay the Court's action in this case.

Claimant argues alternatively that § 108(b) serves to extend the deadline for filing of his objections; and that Rule 3008 gives the Court discretion to reconsider disallowance of his claims.

Section 108(b)[1] provides by its explicit terms that it applies to extend a deadline fixed by nonbankruptcy law or by order of a nonbankruptcy court. It is plainly inapplicable to a deadline set by order of a bankruptcy court.

Finally, while Rule 3008[2] provides that a party in interest may move for reconsidera-

---

**1.** Section 108(b) reads:

(b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief.

11 U.S.C. § 108(b) (1988).

**2.** Rule 3008:

tion of an order disallowing a claim against the bankruptcy estate, § 502(j)[3] provides that a disallowed claim may only be reconsidered for cause. The Court, therefore, does not have unfettered discretion to reconsider a disallowed claim, and claimant has not argued that sufficient cause exists for the Court undertake such reconsideration under § 502(j).

## CONCLUSION

For the reasons discussed above, the Court finds that Claimant's objections to the disallowance of his claim in the amount of $67,200.00 were timely filed and the Court will set a hearing date to take up the merits of those objections. Claimant's objections to the disallowance of his claims in the amounts of $13,388.86 and $58,500.00 are OVERRULED because they were filed out of time.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.

A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.
Fed.R.Bankr.P. 3008.

3. Section 502(j):
   (j) A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. Reconsideration of a claim under this subsection does not affect the validity of any payment or transfer from the estate made to a holder of an allowed claim on account of such allowed claim that is not reconsidered, but if a reconsidered claim is allowed and is of the same class as such holder's claim, such holder may not receive any additional payment or transfer from the estate on account of such holder's allowed claim until the holder of such reconsidered and allowed claim receives payment on account of such claim proportionate in value to that already received by such other holder. This subsection does not alter or modify the trustee's right to recover from a creditor any excess payment or transfer made to such creditor.
11 U.S.C. § 502(j) (1988).